UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUSAN L. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:11-CV-0944-G |
| INTERNATIONAL BUSINESS | ) | |
| MACHINES CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is a motion to remand brought by the plaintiff Susan L.

Wilson (docket entry 9).  For the reasons set forth below, the plaintiff's motion is

granted, but her claim for attorney's fees is denied.

## I.  FACTUAL BACKGROUND

In this case, the plaintiff Susan L. Wilson ("Wilson") brings a claim of

fraudulent inducement against defendant International Business Machines

Corporation ("IBM"), her former employer.  Appendix at 1-5 (docket entry 9-1).

On November 4, 2010, Wilson filed an action in a Texas district court against

IBM.  Plaintiff's Motion to Remand ("Plaintiff's Motion") at 2; *see also* Appendix at

1-5.  IBM removed the case to this court on December 6, 2010, arguing that this court had federal question jurisdiction under 28 U.S.C. § 1331.  Plaintiff's Motion at 2.  On December 29, 2010, Wilson provided the defendant with a settlement demand of $241,500 for the actual damages that she is alleged to have suffered.  *Id*; *see also* Appendix at 6.  On that same day, Wilson filed a motion to remand the case back to the state court.  Plaintiff's Motion at 2.

On March 22, 2011, after finding that this court lacked jurisdiction under 28 U.S.C. § 1331, Judge Jane J. Boyle granted the plaintiff's motion to remand.  *Id*.  The Dallas County district clerk received Judge Boyle's remand order and reopened the state court case on April 13, 2011.  Defendant's Response to Plaintiff's Motion to Remand ("Defendant's Response") at 2 (docket entry 19).

On May 5, 2011, IBM filed a second notice of removal, this time asserting diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a).  *Id*.  Plaintiff then filed this motion to remand, contending that the defendant's second notice of removal is untimely under 28 U.S.C. § 1446(b).  Plaintiff's Motion at 3-5.

## II.  ANALYSIS

### A.  Legal Standard

The district courts have original jurisdiction over civil cases where there is complete diversity of citizenship between the plaintiff and defendant, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  The amount in

controversy is ordinarily determined at the time of filing.  See *White v. FCI USA, Inc.*, 319 F.3d 672, 674-75 (5th Cir. 2003) ("Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement.") (internal quotations omitted).  However, under TEXAS RULE OF CIVIL PROCEDURE 47(b), an original pleading which sets forth a claim for relief for unliquidated damages cannot state a specific amount of damages.  Nevertheless, subsequent pleadings, motions, orders, or other papers can clarify whether the amount in controversy requirement has been satisfied.  See *Addo v. Globe Life & Accident Insurance Company*, 230 F.3d 759, 761 (5th Cir. 2000).

Generally, a defendant can remove a civil action brought in state court to a proper federal district court if that action meets the requirements set forth in 1332(a).  *See* 28 U.S.C. § 1441(a).  This is done by filing a notice of removal in the district court for the district where the state court action is pending.  28 U.S.C. § 1446(a).  However, 28 U.S.C. § 1446(b) imposes limits on when a notice of removal can be filed.  As the Fifth Circuit has explained, Section 1446(b) provides a "two-step test" to determine whether removal was timely.  *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992), *cert. denied*, 507 U.S. 967 (1993).  The first paragraph of Section 1446(b) states that if the initial pleading sets forth a removable claim, the defendant must file the notice of removal within thirty days of the receipt of that pleading.  *Id*.  However, if the claim stated by the initial pleading is not

- 3 -

removable, then the second paragraph of Section 1446(b) will apply. *Id*. Under that provision, "notice of removal must be filed within thirty days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable." *Id*. If a notice of removal has been filed outside of the Section 1446(b) time limits, then the opposing party can seek remand of the case back to the state court. 28 U.S.C. § 1447(c).

Prior to the expiration of Section 1446(b)'s thirty-day period, a defendant can freely amend its notice of removal. See *Richardson v. United Steel Workers of America*, 864 F.2d 1162, 1165 (5th Cir. 1989), *cert. denied*, 495 U.S. 946 (1990); *see also* 14C Charles Alan Wright et al., Federal Practice and Procedure § 3733 (4th ed. 2011). After the thirty-day period has passed, the district court can grant the defendant's leave to amend its removal notice under 28 U.S.C. § 1653, in order to cure "technical defects." *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d 1254, 1258 n.5 (5th Cir. 1988) (stating that Section 1653 should be "liberally construed"). Courts are very reluctant, however, to permit an amendment to a notice of removal that adds a new basis for federal jurisdiction. *See* 14C Charles Alan Wright et al., Federal Practice and Procedure § 3733 (4th ed. 2011) ("In most circumstances, however, defendants may not add completely new grounds for removal or furnish missing allegations[.]"); see also *Davis v. Life Investors Insurance*

*Company of America, Inc.*, 214 F.Supp. 2d 691, 693 (S.D. Miss. 2002) (citing cases

from district courts across the country) (internal citations and quotations omitted).

However, when courts have refused to allow amendments to the notice for

removal that would assert new bases of federal jurisdiction, the new basis for removal

existed *during* the initial thirty day period. *Davis*, 214 F.Supp. 2d at 694. In

contrast, courts have been willing to permit amendments to a notice for removal

when the new basis did not exist until *after* the relevant thirty day period. *Id*. See

also *In re Pharmaceutical Industry Average Wholesale Price Litigation*, 509 F.Supp. 2d 82,

95 (D. Mass. 2007) (permitting a defendant to assert a supplemental notice of

removal when "[t]he new basis for removal arguably did not exist until after the

initial thirty-day period"); *Ducree v. Liberty Mutual Insurance Company*, No. CIV.A. 06-

8286, 2007 WL 781968, at *3 (E.D. La. Mar. 12, 2007) ("After thirty days,

amendments to remedy a substantive defect in the removal notice, *i.e.*, to add a new

basis for federal subject matter jurisdiction, are not permitted . . . unless the new basis

arises after the expiration of the thirty day period[.]"); *Hawaii v. Abbott Laboratories,

Inc.*, 469 F.Supp. 2d 835, 838-39 (D. Haw. 2006) ("In this unique situation, [the

defendant] will not be procedurally barred from supplementing its notice of removal"

where the new ground "arises during the pendency of the litigation."). As one district

court recognized, it would be "senseless to deny [the defendant] the opportunity to

assert this newly-arisen basis for removal/federal jurisdiction merely because of the

fortuity that the basis arose while the case was pending in federal court[.]" *Davis*,

214 F.Supp. 2d at 694; see also *Tombers v. Federal Deposit Insurance Corporation*, No. 08

Civ. 5068, 2009 WL 613207, at *2 n.2 (S.D.N.Y. Mar. 4, 2009) (citing *Davis*).

The ability to amend a notice for removal after the thirty day period when a

new basis of federal jurisdiction has developed is in line with Fifth Circuit precedent,

which recognizes a defendant's right to file a second notice of removal after a remand.

*S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) ("[O]nce a case is

remanded to state court, a defendant is precluded only from seeking a second removal

*on the same ground*.") (emphasis in original).  "A defendant who fails in an attempt to

remove on the initial pleadings can file a second removal petition *when subsequent*

*pleadings or events reveal a new and different ground for removal*."  *Id*. at 493 (emphasis in

original).

In *S.W.S. Erectors*, the "other paper" that created the new basis for removal was

filed after the district court had already remanded the case back to state court.  *Id*. at

491.  But when the "other paper" appears after the thirty day period but before the

decision to remand, it would be "senseless" to not permit an amendment to the notice

for remand, remand the case back to state court, and then allow a second notice of

removal.  *Davis*, 214 F.Supp. 2d at 694 (arguing that the ability to amend the notice

should be granted, "particularly given that if the case were remanded on the sole

ground asserted in the removal petition, [the defendant] would then be allowed to

remove the case a second time on this new basis"); see also *Tombers*, 2009 WL 613207 at *2 n.2.  Requiring a second notice of removal, instead of simply permitting an amendment, would cause needless delay in the disposition of the case, waste valuable judicial resources, and further disrupt the state court system.

When a defendant has the right to amend a notice for removal after the initial thirty day period because of a new basis for federal subject matter jurisdiction, it has thirty days under the second paragraph of Section 1446(b) to make that amendment. See *Hawaii*, 469 F.Supp. 2d at 838-39 & n.2 (holding that a motion to supplement a notice of removal was not untimely when done within thirty days of receipt of the "other paper"); *In re Pharmaceutical Industry Average Wholesale Price Litigation*, 509 F.Supp.2d at 95 (holding that the second paragraph of Section 1446(b) applies to an amendment to a notice of removal, but finding that the defendants lacked a qualifying "other paper").

### B.  Application

In this case, both parties agree that the requirements for diversity jurisdiction under Section 1332(a) have been satisfied.  *See* Defendant's Response at 1.  Instead, the parties disagree as to whether the defendant's notice of removal was timely under Section 1446(b).  *Id*.

It is clear that the case was not removable when the first state court pleading was filed on November 4, 2010.  This is because TEXAS RULE OF CIVIL PROCEDURE

47(b) forbids an original pleading from stating the specific amount of damages sought.[*]  Thus the defendant was unable to tell at that time whether or not Section 1332(a)'s amount in controversy requirement was satisfied.  Therefore, the first paragraph of Section 1446(b) -- dealing with an initial pleading that sets forth a removable claim -- is inapplicable.

However, when Wilson submitted a settlement demand of $241,500 on December 29, 2010, that was notice to IBM that Section 1332(a)'s amount in controversy requirement had been met.  At that time, the case became removable on the ground of diversity of citizenship.  See *Addo*, 230 F.3d at 762.

Normally, the submission of a settlement demand will start the thirty day period within which the defendant would have to file its notice for removal.  *See* 28 U.S.C. § 1446(b).  However, in this case, the defendant had already filed a notice of removal  on December 6, 2010 based on federal question jurisdiction.  Plaintiff's Motion at 2.  The issue before the court is what IBM could or should have done once it was ascertainable that the case was removable under diversity jurisdiction.

IBM argues that it could not have done anything in response to the December 29, 2010 settlement demand because "the case was already pending in federal court."  Defendant's Response at 4.  The defendant states that "[i]t seems

---

[*]        Both Wilson and IBM agree that there has been diversity of citizenship from the beginning of this case.  *See* Plaintiff's Motion at 1; Defendant's Response at 1.  Wilson is a citizen of Texas, and IBM is a citizen of New York.  Notice of Removal ¶¶ 15-16 (docket entry 1).

self-evident that a case cannot be removed from a state court where it is not pending, to a federal court where it is already pending.  There are simply no procedural rules that apply to such a situation." *Id*.

However, IBM provides no reason why it did not try to amend its notice for removal.  By December 29, 2010 -- the date that the plaintiff submitted her settlement demand -- IBM's right to freely amend its first notice of removal had expired.  However, by gaining a new basis for removal, IBM gained the right to amend its notice of removal to include diversity jurisdiction.  Under Section 1446(b), that right to amend must have been asserted within thirty days of December 29, 2010.  See *Hawaii*, 469 F.Supp. 2d at 838-39 & n.2.  As a result, IBM's second notice of removal, filed on May 5, 2011, was untimely.  Consequently, Wilson's motion to remand is granted.

## C.  Attorney's Fees

Wilson also seeks attorney's fees pursuant to 28 U.S.C. § 1447(c).  "Absent unusual circumstances, attorney's fees should not be awarded [under Section 1447(c)] when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 136 (2005).  As the Fifth Circuit has made clear, "[t]he statute does not embody either a strong preference for or a strong preference against fee awards." *Admiral Insurance Company v. Abshire*, 574 F.3d 267, 280 (5th Cir.), *cert. denied, Louisiana v. Abshire*, __ U.S. __, 130 S.Ct. 756

(2009).  Because the Fifth Circuit has never expressly condoned amendments to a notice of removal after the thirty-day period outside of "technical" corrections, the court cannot say it was objectively unreasonable for IBM to remove the case a second time.  Therefore, Wilson's motion for attorney's fees is denied.

### III.  CONCLUSION

For the reasons stated above, the plaintiff's motion to remand is **GRANTED**, and the plaintiff's motion for attorney's fees is **DENIED**.  This case is **REMANDED** to the **160th Judicial District Court of Dallas County, Texas**.  The clerk shall mail a certified copy of this memorandum opinion and order to the district clerk of Dallas County, Texas.  28 U.S.C. § 1447(c).

**SO ORDERED**.

October 3, 2011.

**A. JOE FISH**
**Senior United States District Judge**